PHYLLIS HALLETT, APPELLANT, V. GEORGE A. HORMEL AND
COMPANY, A CORPORATION, APPELLEE.
370 N.W.2d 132

Filed July 5, 1985. No. 84-620.

Ronald L. Brown of Brown Law Offices, P.C., for appellant.

Michael A. Nelsen and Kathleen C. Smith of Schmid, Ford, Mooney & Frederick, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Plaintiff-appellant, Phyllis Hallett, filed a petition against defendant-appellee, George A. Hormel and Company, a corporation (hereinafter Hormel), seeking damages for loss of services and consortium of her husband, Danny Hallett, allegedly resulting from the negligence of coemployees of Danny Hallett while Hallett and the coemployees were acting within the scope of their employment with Hormel.

Hormel demurred to plaintiff's petition on the ground it did not state a cause of action. The demurrer was sustained, and plaintiff's petition was dismissed. Plaintiff timely appealed. We affirm.

The issue presented is whether the spouse of an employee injured within the scope of his employment may maintain a separate action against the employer. We held in *Johnston v. State*, 219 Neb. 457, 364 N.W.2d 1 (1985), that if an injured employee does not have an independent cause of action, the injured employee's spouse cannot maintain an independent cause of action against the injured employee's employer. In this case plaintiff's petition clearly set out facts showing that plaintiff's husband was injured while he was acting within the scope of his employment and while his coemployees were acting

within the scope of their employment.

We are urged to change the result we reached in *Johnston, supra.* Upon reexamination of the issue we do not choose to do so. The trial court correctly sustained the employer's demurrer and dismissed plaintiff's petition.

AFFIRMED.